## VALLEY MOTOR TRANSIT CO. v. CONLEY.

### Civ. A. No. 21410.

District Court, N. D. Ohio, E. D.

March 17, 1943.

Paul E. Cholette (of Alexander, McCaslin & Cholette), of Grand Rapids, Mich., W. B. Moore, of Lisbon, Ohio, and John G. Belknap, of Columbus, Ohio, for plaintiff.

Raymond S. Buzzard, of East Liverpool, Ohio, for defendant.

WILKIN, District Judge.

This case came on for trial of the issue raised by the complaint and the answer of Clifford Conley, and was submitted on the evidence and briefs. The plaintiff asks for a declaratory judgment under Section 400 of Title 28 U.S.C.A., declaring that the plaintiff is a local motor bus carrier as referred to in Section 13 of the Fair Labor Standards Act of 1938, Section 213, Title 29 U.S.C.A.

The defendant Conley asks for a finding that the plaintiff is not a local motor bus carrier and is therefore amenable to the Fair Labor Standards Act of 1938, 29 U. S.C.A. § 201 et seq., and prays judgment for overtime compensation in accordance with the provisions of Section 16(b) of such Act. It is stipulated that if the defendant is entitled to a judgment, the amount of his overtime and liquidated damages would aggregate $2,400, and that he would also be entitled to a reasonable attorney's fee.

The question is whether the plaintiff is a "local trolley or motor bus carrier". If the plaintiff is not a local carrier, then it is amenable to the provisions of Sections 206 and 207 of Title 29 U.S.C.A. and the defendant is entitled to additional compensation. If, however, the plaintiff is a local carrier as provided in Section 213, then it is exempt from the requirements of Sections 206 and 207.

There is no dispute that the plaintiff is engaged in interstate commerce, since it operates between Steubenville, Ohio, and Beaver, Pennsylvania. The dispute arises as to the character of the operation, whether it is to be classified under the general exemption of Section 213. The defendant contends that if the plaintiff served only the City of Steubenville and its outlying districts, or only the City of Beaver and its outlying districts, then there would be no doubt that it is a local bus carrier, but that since its operations connect separate and distinct communities, its service is intercity and interstate in character and therefore more than "local" service. The effect of that argument is nullified, however, by the fact that Section 213 expressly exempts suburban and interurban electric railways as well as local trolley and motor bus carriers. It seems to have been the intention to extend the exemption to all carriers who do a local business regardless of the fact that such business might extend into different cities and states. The growth of communities is controlled by geographic and economic influences and frequently overruns arbitrary municipal and state boundaries. It seems that the Fair Labor Standards Act recognized this fact and excluded from its provisions such operations as are local to any community.

The evidence is clear and convincing that the main part of plaintiff's business is furnishing transportation to workmen, school children, shoppers, and commuters. It maintains a method of paying fare which is entirely different from that of long distance carriers. Its fares are by zones rather than by mileage. Its service is local in character as indicated by the number of stops for taking on and putting off passengers. The character of the equipment, i.

e., arrangement of seats, baggage space, etc., differs from that afforded by long distance carriers. The busses of the plaintiff are smaller and limited to a lower rate of speed. The method of paying its employees, and the working conditions, indicate a purely local rather than a long distance operation.

The evidence reveals also that the plaintiff belongs, and had belonged for a long time prior to the passage of the Fair Labor Standards Act, to the American Transit Association, an association of local carriers, and had been recognized as a local carrier rather than a long distance carrier by the Office of Defense Transportation.

For all these reasons the court is constrained to find that the plaintiff is a local motor bus carrier and therefore comes within the exception of Section 213. Finding and judgment will therefore be for the plaintiff. Entry may be prepared in accordance with the rule.